UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELLY DAVIS (#309807)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 07-534-RET-SCR

and

KELLY DAVIS (#309807)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF                         NUMBER 07-811-RET-SCR
CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 13, 2008.

                                             STEPHEN C. RIEDLINGER
                                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELLY DAVIS (#309807)

VERSUS                                                              CIVIL ACTION

BURL CAIN, ET AL                                                    NUMBER 07-534-RET-SCR

and

KELLY DAVIS (#309807)

VERSUS                                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF                                             NUMBER 07-811-RET-SCR
CORRECTIONS, ET AL


MAGISTRATE JUDGE'S REPORT

Before the court are the applications of petitioner Kelly Davis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to one count of armed robbery and one count of being a felon in possession of a firearm in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on September 3, 1996.  On December 9, 1996, the petitioner was sentenced to 25 years imprisonment at hard labor in the custody of the Louisiana Department of Corrections, without benefit of parole, probation or suspension of sentence on the armed robbery conviction, and to 10 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence on the felon-in-possession conviction.  The sentences were ordered to

be served consecutively.  Petitioner did not appeal his conviction and sentence.

Petitioner filed his first state court application for post-conviction relief on October 9, 1997.  The trial court denied relief on January 26, 1998.  Petitioner did not seek review by the appellate court.

Petitioner signed his second application for post-conviction relief on May 26, 1999, and it was filed on June 10, 1999.  The trial court denied relief on February 28, 2000.  Petitioner sought review by the First Circuit Court of Appeal.  The court denied review on June 29, 2000.  *State of Louisiana ex rel. Kelly Davis v. State of Louisiana*, 2000-0727 (La. App. 1st Cir. 6/29/00).  Petitioner sought review by the Louisiana Supreme Court.  The court denied review on April 20, 2001.  *State ex rel. Kelly Davis v. State of Louisiana*, 2000-2194 (La. 4/20/01), 790 So.2d 19.

Petitioner filed his first federal habeas corpus application on May 16, 2002.  *Kelly Davis v. Richard Ieyoub*, CV 02-482-RET-CN.  Petitioner's federal habeas corpus application was dismissed with prejudice as untimely.

Petitioner filed his second federal habeas corpus application on December 27, 2005.  *Kelly Davis v. Burl Cain*, CV 05-1433-JVP-CN.  Petitioner's federal habeas corpus application was dismissed without prejudice for failure to exhaust the administrative

remedies available to him at the prison.[1]

Petitioner signed his third federal habeas corpus application on July 26, 2007, and it was filed on July 30, 2007. *Davis v. Cain*, CV 07-534-RET-SCR. Petitioner claims that the department of corrections is requiring him to serve all of the 35 year sentence imposed, i.e. without earning any good time, even though he was not prosecuted or convicted as a habitual offender. Petitioner maintains that this is contrary to the representation made to him by a prole officer and his understanding at the time he entered his plea. This claim was raised by the petitioner in his post-conviction relief applications.

Petitioner signed his fourth federal habeas corpus application on November 5, 2007, and it was filed on November 7, 2007. *Davis v. LA Department of Corrections*, CV 07-811-RET-SCR. Petitioner raised essentially the same grounds for relief as were urged in his third federal habeas corpus application.

No evidentiary hearing is required. Petitioner's federal habeas corpus applications are untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period

---

[1] The state did not assert untimeliness as a ground for dismissal and the court did not determine whether the petitioner's application was timely. Petitioner did not appeal.

runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on December 16, 1996.[2]

---

[2] For the purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  At the time of the petitioner's conviction, the law provided that an appeal must be made no later than 5 days after the rendition of judgment or ruling from which the appeal is taken. LSA-C.Cr.P. art. 914.  On July 1, 2003, the law was amended to provide that an appeal must be made no later than 30 days after the rendition of judgment or ruling from which the appeal is taken.

Petitioner was sentenced on December 9, 1996.  The fifth day fell on December 14, 1996, which was a Saturday.  Thus, the time period was extended to the next business day for the court, which
(continued...)

Between the date the petitioner's conviction became final and October 9, 1997, the date the petitioner filed his first application for post-conviction relief, 296 days of the limitations period elapsed.  Between January 26, 1998, the date the trial court denied relief on the petitioner's first application for post-conviction relief, and May 26, 1999, the date the petitioner signed his second application for post-conviction relief, 454 days of the limitations period elapsed.[3]  Between April 20, 2001, the date the Louisiana Supreme Court denied review on the petitioner's second post-conviction relief application and  May 16, 2002, the date the petitioner filed his first federal habeas corpus application, an additional 390 days of the limitations period elapsed.  By the time petitioner filed his first federal habeas corpus application on May 16, 2002, more than one year of the limitations period (1,140 days) elapsed.  Petitioner's first federal habeas corpus application was not timely filed.  Consequently, his third and fourth federal habeas corpus application were also not timely filed.[4]

---

[2](...continued)
was Monday, December 16.

[3]  Between January 26, 1998, and May 26, 1999, 484 days elapsed.  However, because the petitioner had 30 days in which to seek writs to the Louisiana First Circuit, that 30 day period was not included when calculating the elapsed limitation period.

[4] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v.*
(continued...)

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's applications for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, March 13, 2008.

　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

⁴(...continued)
*Johnson*, 174 F.3d 710 (5th Cir. 1999).